

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:07cr438

EDWARD BUTLER

## MEMORANDUM OPINION

Edward Butler, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Docket No. 217.) The Government filed a response. (Docket No. 232.) Butler has replied. (Docket No. 249.) The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. Criminal Acts

From approximately January of 2004 through approximately August of 2007, Butler conspired with others to distribute cocaine base, "commonly known as 'crack,'" in the Fulton Hill area of Richmond, Virginia. (Statement of Facts (Docket No. 90) ¶¶ 1-2.) "Butler and/or his co-conspirators would obtain and use firearms to further the objects of the conspiracy." (Id. ¶ 4 (capitalization corrected).) On July 13, 2007, law enforcement officers arrested Butler, while in possession of a

firearm, at a residence in Hanover County, Virginia.[1] (Pre-sentence Report ¶ 26.)

### B. Guilty Plea

On January 17, 2008, Butler pled guilty, pursuant to a plea agreement, to conspiracy to possess with the intent to distribute and to distribute, fifty grams or more of cocaine base. This charge carries, <u>inter alia</u>, a statutory minimum sentence of ten years of imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii).

### C. Pre-sentence Report

Under the United States Sentencing Guidelines ("Guidelines") calculation, Butler's base offense level for the charged crime was thirty. (Pre-sentence Report Attach. A, ¶ 1.) Butler's offense level was then increased, in accordance with section 2D.1(b)(1) of the Guidelines,[2] by two points due to his possession of a firearm. (<u>Id.</u>)

---

[1] Butler claims that "a handgun was found in the attic where [Butler] and other[s] lived. And this was a house where rooms were rented out to different individuals, and all had access to the attic. There was no evidence that the handgun belonged to [Butler]." (Mem. Supp. § 2255 Mot. 6.)

[2] Section 2D1.1(b)(1) of the Guidelines reads in relevant part: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." USSG § 2D1.1(b)(1) (2007) (emphasis removed). The application notes to this section state that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would

Butler also had three criminal history points. (Pre-sentence Report Attach. C, ¶ 8.) The probation officer calculated these points based on Butler's prior conviction for Possession of Marijuana (one point) while on probation (two points).[3] (Id. ¶¶ 3, 5.) These three points put Butler in Criminal History Category II. (Id. ¶ 9.) Based on, inter alia, Butler's offense level of thirty-two and Criminal History Category of II, the probation officer calculated a guideline range of 97-121 months of imprisonment. (Pre-sentence Report Attach. D, ¶ 6.) However, applying the statutorily required minimum sentence for Butler's offense resulted in a restricted range of 120-121 months of imprisonment. (Id. ¶ 7.)

Butler's counsel, James F. Sumpter, filed an objection to the Pre-sentence Report based on the two-level increase pursuant to section 2D1.1(b)(1) of the Guidelines. (Def.'s Position (Docket No. 157) 1-3.) However, Sumpter subsequently withdrew his objection because "the objection would require the

---

not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." Id. at comment. (n.3).

[3] Butler describes the two points that he received for committing the charged offense while on probation as an "enhancement." (Butler Decl. ¶ 2.) Butler claims that the plea agreement specified that "the government couldn't enhance [him]." (Id.) When Butler pointed the two points out to counsel, they "had a verbal altercation about [the two points] and [Butler] told [counsel] to fight the enhancement." (Id.)

3

[Government] to withdraw the plea agreement." (Mot. Withdraw Objection (Docket No. 170) 1.) "Such a withdrawal of the plea agreement could place [Butler] in a more disadvantageous position than with the plea agreement." (Id.)

### D. Sentencing

On May 8, 2008, the Court adopted the Pre-sentence Report in full and sentenced Butler to the statutory minimum of 120 months of imprisonment.

### E. § 2255 Motion

Based on the foregoing, Butler filed his § 2255 Motion claiming that counsel was ineffective for not challenging the firearm enhancement of his sentence. (§ 2255 Mot. 5.) In support of his claim, Butler states that:

> By [Butler's] counsel's refusal or negligence in not challenging the firearm, counsel rendred [sic] [Butler] ineffective assistance of counsel and thus, prejudiced [Butler] in that had this firearm been dismissed, as it should have, [Butler] would have been eligible for the "safety-valve"[4] which would have greatly reduced his sentence.

---

[4] The "safety valve" refers to section 5C1.2(a) of the Guidelines which reads in relevant part:

(a)  [I]n the case of an offense under 21 U.S.C. § 841 . . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria . . . set forth below:
    (1) the defendant does not have more than 1 criminal history point . . . .

4

(Mem. Supp. § 2255 Mot. 8.) Butler further states that "[i]f I had fought the enhancement; I feel that I would have had it removed and thus by perserve [sic] my chances for the 'safety valve' since I am a first time offender." (Butler Decl. ¶ 7.)

## II. ANALYSIS

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

---

   (2) the defendant did not . . . possess a firearm . . . in connection with the offense.

USSG § 5C1.2(a).

5

outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, nothing requires that the court determine whether counsel performed deficiently if a claim is readily dismissed for lack of prejudice. Id. at 697.

Butler claims that counsel performed ineffectively by failing to object to the firearm enhancement and, by doing so, caused Butler's ineligibility for the "safety valve" provision of the Guidelines. (§ 2255 Mot. 5; Mem. Supp. § 2255 Mot. 8; Butler Decl. ¶ 7.) Butler, however, ignores Section 5C1.2(a) of the Guidelines. Section 5C1.2(a) of the Guidelines states that only defendants who do "not have more than 1 criminal history point" are eligible for the limited application of a statutory minimum sentence. USSG § 5C1.2(a)(1). Because Butler had committed the charged offense while on probation for a prior offense he had a total of three criminal history points. (Pre-sentence Report Attach. C ¶¶ 5, 8.) Thus, Butler did not qualify for the safety valve provision. See USSG § 5C1.2(a).

The Court sentenced Butler to the statutory minimum sentence of 120 months of imprisonment. 21 U.S.C. § (b)(1)(a)(iii). Thus, counsel's failure to object to the increase in offense level based on possession of a firearm did not prejudice Butler. Accordingly, Butler's claim will be dismissed.

6

### III. CONCLUSION

Butler's claim will be dismissed with prejudice. Butler's § 2255 Motion (Docket No. 217) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Butler has not satisfied this standard. Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Butler and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 9, 2012
Richmond, Virginia