IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:07-cr-438-05

EDWARD BUTLER,

**MEMORADUM OPINION**

This matter is before the Court on Defendant Edward Butler's oral motion for relief under the First Step Act of 2018 ("First Step Act"). Upon review of parties' briefing on the motion, the Court concludes that Butler has demonstrated entitlement to relief under the First Step Act, and, accordingly, will grant Butler's oral First Step Act motion and reduce his statutory maximum punishment for a violation on Supervised Release to which Butler entered a plea of guilty.

**BACKGROUND**

On January 17, 2008, Butler pled guilty to one count of conspiracy to possess with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Plea Agreement, ECF No. 89; Judgment in a Criminal Case, ECF No. 173. The parties agreed that Butler was responsible for the distribution of at least 50, but less than 150, grams of crack cocaine. Statement of Facts ¶ 3, ECF No. 90.

On May 8, 2008, the Court sentenced Butler to 120 imprisonment, followed by 5 years of supervised release. Judgment in a Criminal Case 2-3, ECF No. 173. At the time of sentencing, the statutory minimum term of imprisonment for the offense of conviction was 10 years with a maximum term of life, making Butler's conviction a Class A felony. Plea Agreement 1-2, ECF No. 89; 18 U.S.C. § 3559.

On August 30, 2018, Butler began his current term of supervised release. ECF No. 414. During the course of supervised release, Butler committed several violations. On February 25, 2019, the Court approved a No Court Action Violation Report, which cited the following violations: failure to submit monthly supervision reports as directed, failure to follow the instructions of the probation officer, and the use of the cocaine. Petition on Supervised Release 2, EF No. 414. On May 2, 2019, the Court approved a second No Court Action Violation Report, citing the following violations: commission of a crime for no operator's license and fail to yield, failure to submit monthly supervision reports as directed, and failure to follow the instructions of the probation officer. Id.

On June 4, 2019, while Butler was still on supervised release, the probation officer petitioned the Court to revoke Butler's term of supervised release. Petition on Supervised Release, ECF No. 414. On September 19, 2019, Butler entered a plea of guilty for

violating the following conditions of his Supervised: the Special Condition (Failure to Satisfactorily Participate in Substance Abuse Treatment Program), Condition 1 (Leaving the Judicial District without Permission), Condition 2 (Failure to Submit Monthly Supervision Reports), Condition 3 (Failure to Answer Truthfully all Inquiries by the Probation Officer and Failure to Follow the Instructions of the Probation Officer), Condition 6 (Failure to Notify the Probation Officer within 72 hours of Change of Residence), and Condition 7 (Use of Cocaine). Order 1, ECF No. 433.

At the March 12, 2020 sentencing hearing on the supervised release violations, Butler asserted that, under the First Step Act of 2018, the maximum statutory sentence for the supervised release violations should fall from five years to three years because the offense of conviction was no longer a Class A felony. Following the sentencing hearing, the Court requested the parties to brief "the effect of eligibility for relief under the First Step Act on the statutory maximum punishment for a violation of supervised released." Order, ECF No. 45. In response, both parties submitted positions on the application of the First Step Act. The matter is fully briefed and ripe for disposition.

## LEGAL STANDARD

Ordinarily, a sentence of imprisonment is final and may not be modified once it has been imposed. However, a sentence may be

3

modified in narrow circumstances, including when "expressly permitted by statute." 18 U.S.C. § 3582(c). The First Step Act allows previously sentenced defendants to file a motion requesting that the sentencing court reduce their sentence. United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019). Specifically, Section 404(b) of the First Step Act states that:

> Defendants Previously Sentenced. A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.

To be eligible for a reduction, a defendant's sentence must not have been previously reduced under sections 2 or 3 of the Fair Sentencing Act of 2010 nor can the defendant have been previously denied a reduction under § 404. Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). However, "even where a court has the authority to consider a defendant's request to modify his sentence, that does not end the inquiry. The question remains whether the defendant has shown that a reduced sentence under the First Step Act is warranted." United States v. McDonald, No. 3:09-cr-0006, 2020 WL 1016351, at *2 (W.D. Va. Mar. 3, 2020). A district court has the discretion to determine whether to afford relief to an

4

eligible defendant under the First Step Act. See, e.g., United States v. Wirsing, 943 F.3d 175, 186 (4th Cir. 2019).

## DISCUSSION

### 1. Covered Offense

The First Step Act authorizes a discretionary sentence reduction if the district court "imposed a sentence for a covered offense." Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Id. The Fair Sentencing Act reduced the penalties for specific cocaine-related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by "increasing the amount of cocaine base required to trigger certain statutory penalties." United States v. Venable, 943 F.3d 187, 188 (4th Cir. 2019). In relevant part, Section 2 of the Fair Sentencing Act increased from 50 to 280 grams the quantity of cocaine base required to trigger the statutory penalties for a Class A felony set forth in 21 U.S.C. § 841(b)(1)(A)(iii). Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). This change also meant that an offense involving less than 280 grams would thereafter be classified as a Class B felony, and, therefore, would be subject to lower statutory penalties. Venable, 943 F.3d at 188.

There is no dispute that Butler's underlying conviction is a "covered offense" under the First Step Act or that Butler's drug conviction occurred before August 3, 2010, or the penalties applicable to his statute of conviction were modified by Section 2 of the Fair Sentencing Act. The parties agreed that Butler was responsible for the distribution of at least 50 but less than 150 grams of crack cocaine. Statement of Facts ¶ 3, ECF No. 90. This quantity of drugs was classified as a Class A felony under then-applicable law, which provided a statutory minimum term of 10 years and a maximum sentence of life. Accordingly, Butler was sentenced to 10 years imprisonment, followed by five years of supervised release. However, under the new felony cocaine base classifications in Section 2 of the Fair Sentencing Act, the amount of cocaine base in the offense of conviction would make the offense a Class B felony, which provides for a statutory minimum term of imprisonment of 5 years and a maximum term of 40 years.

### 2. Application of the First Step Act

Butler has invoked the First Step Act to reduce the statutory maximum term of imprisonment applicable to the violations of Supervised Release to which he has plead guilty. Specifically, Butler argues that that his revocation sentence is "subject to the lower statutory ceiling for revocation sentences for Class B felonies." Def.'s Response to Briefing Order 2, ECF No. 447. The violations at issue occurred while Butler was serving the

supervised release term stemming from his 2008 drug conviction. Because Butler's federal drug conviction was originally classified as a Class A felony, the statutory maximum term of imprisonment for the supervised release violation is set at five years. 18 U.S.C. § 3583(e)(3). The Fourth Circuit recently has held that the effect of a reclassification of a drug conviction "not only reduces the original statutory penalties for the drug conviction, but also shortens the maximum revocation sentence for a violation of supervised release" from five years (authorized for Class A felonies) to three years (authorized for Class B felonies). Venable, 943 F.3d at 190; 18 U.S.C. § 3583(e)(3).

It is within the district court's discretion to apply the terms of the First Step Act. United States v. Walker, 2020 WL 882175, at *2 (S.D. W. Va. Feb. 21, 2020) ("Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alternation of the applicable law."). As the Fourth Circuit pointed out, "under the First Step Act, even after the district court [finds the defendant] eligible for a sentence reduction, the court [is] not obligated to reduce [defendant's] sentence at all." United States v. Jackson, 952 F.3d 492, 502 (4th Cir. 2020).

Two recent decisions, United States v. Walker, 2020 WL 882175 (S.D. W. Va. Feb. 21, 2020), and United States v. McDonald, 2020 WL 1016351 (W.D. Va. Mar. 3, 2020), applying the principles

7

announced in Venable, guide the decision here. In both cases, the defendants were originally convicted of Class A felonies. However, after the enactment of the First Step Act, the defendants' underlying convictions defaulted to Class B felonies, exposing them to a lower statutory range and statutory ceiling to the terms of imprisonment upon revocation of supervised release. Id. In both cases, the government argued that "the Court should not exercise its discretion pursuant to the First Step Act to reduce the sentence, given the fact that the defendant committed new crimes, and that the motion was made following revocation of supervised release." Id. Nonetheless, the courts applied the First Step Act, finding that

> Based on the Court's review of the record, and weighing the relevant 3553(a) factors here, the court concludes that Defendant has shown entitlement to a reduction of his sentence . . . considering that now the same supervised release violation following a conviction for a Class B felony is punishable by a maximum term of 36 months imprisonment, the Court will reduce Defendant's revocation sentence to 36 months imprisonment, but not less than time served.

Id. at *5.

The decisions in Walker and McDonald correctly point to the conclusion that the First Step Act operates to make the offense of conviction a Class B felony. The result is that the maximum period of incarceration for the supervised release violations at issue is three years.

8

## CONCLUSION

For the aforementioned reasons, the Court will grant Butler's oral motion to apply the First Step Act to the maximum punishment for his violations of supervised release. At the sentencing hearing set for June 18, 2020, the parties may argue for the appropriate sentence within that constraint.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 4, 2020